RALPH K. WINTER, Circuit Judge.
 

 Appellant Robert E. Brennan petitions for a rehearing before this panel to reconsider its decision in
 
 United States v. Brennan,
 
 395 F.3d 59 (2d Cir.2005). Familiarity with this decision is assumed. Appellant argues in his petition for rehearing that,
 
 inter alia:
 
 (i) the panel’s decision conflicts with
 
 United States v. Booker,
 
 -U.S. --•, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); (ii) the opinion criticizes an argument that appellant did not make; and (iii) the remand should be conducted in accordance with
 
 Booker
 
 and
 
 United States v. Crosby,
 
 397 F.3d 103 (2d Cir.2005). We address these arguments in turn; appellant’s remaining arguments are without merit.
 

 Appellant argues that under
 
 Booker,
 
 filed the same day as the opinion in this case, it was error for the panel to apply “due deference” review to the district court’s decision to apply the larceny guideline. The “due deference” standard is derived from 18 U.S.C. § 3742(e), which was severed from the federal sentencing statute by
 
 Booker
 
 and replaced with “unreasonableness” review. 125 S.Ct. at 764-65 (alteration omitted). We now hold that we would have affirmed the district court’s choice of the larceny Guideline as the most analogous Guideline to appellant’s contempt offense, whether the standard of review was due deference or reasonableness.
 

 Appellant also asks the panel to amend an erroneous characterization of one of his arguments. The opinion states that “Appellant argues — frivolously—that he was entitled as a matter of law to credit for acceptance of responsibility.” 395 F.3d at 75. We agree with appellant that this sentence would have been better framed if it had stated: “Appellant argues — incorrectly — that he was erroneously denied credit for acceptance of responsibility.” We now adopt that version.
 

 In light of the Supreme Court’s decision in
 
 Booker,
 
 125 S.Ct. 738, and our decision in
 
 Crosby,
 
 397 F.3d 103, this case is remanded to the district court for further proceedings in conformity with
 
 Crosby.
 

 The disposition in the opinion previously issued in connection with this appeal is
 
 *114
 
 hereby made part of this opinion and is fully effective, except to the extent that it is inconsistent with the present remand in conformity with
 
 Crosby.
 

 Any appeal taken from the district court’s decision on remand can be initiated only by filing a new notice of appeal.
 
 See
 
 Fed. R.App. P. 3, 4(b).
 

 A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this opinion.
 

 We therefore deny the petition for rehearing but remand.